No. 159. John H. Schnack v. Mary J. Montano. Exceptions from circuit court, first circuit. Argued June 5, 1905. Decided June 7, 1905. Assumpsit by broker for commissions on sale of real estate. Verdict for $1000. The principal exception is to the verdict as contrary to the law and the evidence, the defendant's contention being that by the uncontradicted evidence, after the plaintiff had procured one who was willing to purchase for the amount specified, $25,000, in case he could obtain the money, and after the defendant had waited a reasonable time, she terminated the plaintiff's authority and afterwards engaged another as broker, who, independently of the first broker, negotiated the sale, although to the person originally procured by the plaintiff. The plaintiff contends that he

was the procuring cause of the sale and that he is entitled to his commissions even though the defendant after attempting to terminate the agency effected a sale through another but to the person procured by the plaintiff. Per curiam: A broker is not entitled to commissions unless he procures a purchaser able and willing to buy; when no time is limited either party may in good faith terminate the agency at will; the broker is not entitled to commissions upon a sale effected thereafter through another broker even though to the purchaser introduced by the first broker, or even though the sale is aided more or less by the first broker's previous efforts, provided the principal acts in good faith; but if the broker procures a prospective purchaser he cannot be deprived of his commissions by the termination of his agency by the principal even though the sale is not consummated until afterwards, provided he was the procuring cause of the sale, or if the principal acted in bad faith for the purpose of avoiding payment of the commissions. In the present case there is much to substantiate the defendant's claim that the agency was terminated in good faith before the consummation of the sale and that the sale was effected subsequently through another broker independently of the first broker, but, on the other hand, there was enough to go to the jury upon the question whether the negotiations with the purchaser were not continuous and whether the first broker's agency was not terminated for ulterior motives. Both the defendant and the purchaser sustained special business relations with the second broker, who was expected by all concerned during the agency of the first broker to finance the proposition for the purchaser and who declined to assist the purchaser until after he had seen the principal and then, according to the purchaser, expressed a willingness to assist, and carried the deal through within a few days after the termination of the first broker's agency. The testimony of the purchaser was to the effect that he regarded all the negotiations as continuous parts of one transaction, and that he was not aware of any change in the agency. The exceptions are overruled. *H. G. Middleditch* for plaintiff. *J. A. Magoon* and *J. Lightfoot* for defendant.