MARION H. HAMILTON, Plaintiff-Appellee, *v.* JOHN G. FUNK and STEPHANIE FUNK, Defendants-Appellants

NO. 8791

(CIVIL NO. 58118)

JUNE 17, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CIRCUIT JUDGE TSUKIYAMA,
ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal from a judgment awarding appellee a commission in connection with the sale of appellants' real estate. We affirm.

In April and May of 1978 appellants drafted and placed advertisements in newspapers advertising their property at 211-5 Kawaihae Street in Hawaii Kai for sale at the price of $102,500. Their advertisements contained the statement "[c]ourtesy to brokers." Appellee visited and inspected the property and discussed with the appellants their requirements regarding the sale. They gave her a fact sheet in connection therewith and appellee thereafter showed the property to several prospective purchasers and acknowledged that by "courtesy to brokers", they had in mind a 3% sales commission.

Sometime in late May 1978 while appellee was holding an open house on other property located several blocks away from appellants' property, the eventual purchasers of appellants' property came into the open house. After a discussion between them and the appellee about appellants' property, the appellee called the appellants and informed them that she was with a couple who were interested in their property. Appellants told her to send the people over, which she did.

When the purchasers arrived at the property, they delivered appellee's card to one of the appellants and explained that the appellee had sent them. They were then shown the property. That evening they came back again and discussed the purchase of the property with the appellants. Appellants asked the purchasers whether or not the appellee represented them and they stated that she did not.

That evening the appellants agreed to sell the property to the purchasers at $99,000 which was their asking price less the 3% commission as a courtesy to broker.

Appellants contend that this section is barred by the applicable statute of frauds, § 656-1(6), HRS. However, we think it clear that the appellants should have reasonably expected that the oral agreement to pay appellee a 3% broker's commission if she produced a ready, willing and able buyer would induce and

did induce appellee's actions in bringing the property to the purchasers, attention and in steering them to it. This is a case where injustice can be avoided only by enforcement of the promise. *McIntosh v. Murphy,* 52 Haw. 29, 469 P.2d 177 (1970).

As has been stated:

Where a broker, instead of procuring a person who is ready, able, and willing to accept the terms his principal authorized him to offer at the time of his employment, procures one who makes a counteroffer more or less at variance with that of his employer, the latter is at liberty either to accept the proposed party upon the altered terms or to decline to do so, without giving the broker his reasons for the refusal. If he accepts he is legally obligated to compensate the broker for the services rendered, but if he refuses he incurs no liability therefor. . . .

12 AM. JUR.2d, *Brokers,* § 185 at 925 (1964). *Accord* 12 C.J.S. *Brokers,* § 156 (1980).

The cases of *Schnack v. Montano,* 16 Haw. 805 (1905), and *Ikeoka v. Kong,* 47 Haw. 220, 386 P.2d 855 (1963), are not contrary to the principle of law just cited.

Appellants admitted at trial that had the purchasers been willing to pay the $102,500, they intended to pay the appellee a commission. When the appellee introduced the purchasers to the property and the purchasers made an offer of $99,000, appellants were at liberty to accept or reject that offer. If they rejected it, they would have no liability to the appellee; but if they accepted it under the principle of law cited, they were liable for the commission of 3%.

Affirmed.

*Clyde Wm. Matsui, Randall Y. S. Chung* and *Mark S. Kawata,* on the briefs for appellants.

*William G. Meyer, III (Carlsmith & Dwyer* of counsel) on the brief for appellee.