MILLER and HORNBECK, JJ, concur.

MILLER, Plaintiff, v MILLER, et al., Defendants.

Common Pleas Court, Delaware County.

No. 14740. Decided September 3, 1948.

Fred R. Wickham, Delaware, for plaintiff.

## OPINION

By BELL, J.

This is an action for the partition of real estate. The plaintiff and all the defendants, except Beatrice Miller, are heirs of the body of Harry L. Miller, deceased. Defendant, Beatrice Miller, is the surviving spouse of Harry L. Miller and claims a dower interest in the premises described in the petition.

The interest of all the parties in the premises stems from a deed executed April 14, 1928, by S. C. Miller. By this deed of general warranty, S. C. Miller conveyed the premises described in the petition "to Lu Emma Miller for and during

her natural life, and Harry L. Miller and to the heirs of his body."

Lu Emma Miller died December 9, 1931, and Harry L. Miller died March 19, 1948.

The prayer of the petition asks that the interests of the various parties be determined and that the interest of the plaintiff be set off to him in severalty.

It is fundamental, of course, in the interpretation of deeds, that the intention of the parties, when ascertained, shall govern unless the language used renders it impossible to give that intention effect. The Court is guided as to the intention of the parties here by the wording of the deed only, all the named parties thereto now being deceased. It would appear that the intention of the grantor was to provide first for his wife, which he did by conveying to her an estate for life, and then for his son and son's children. There is no doubt that he conveyed a life estate to Lu Emma Miller. And had not the provision for the life estate preceded it, there is no doubt that a conveyance "to Harry L. Miller and to the heirs of his body" would be the most appropriate method of creating an estate in fee tail. Tiffany, **Law of Real property**, Sec. 37. In this deed the two are combined.

The Court is not advised in this case as to the manner in which Lu Emma and Harry treated this property during their lives. And the question of determining the interest of each, had some controversy arisen between them during their lifetimes, is an intriguing one. However, the life tenant died in 1931, and the question is now academic. And it is the opinion of the Court that, regardless of the relationship between him and the life tenant during her lifetime, upon her death Harry L. Miller had an estate in fee tail in the premises.

And that brings us to the equally intriguing question as to whether, under the law of Ohio, the surviving spouse of a tenant in tail has a dower interest in the entailed premises. The investigation of the writer has failed to reveal any adjudication of the question in the reported cases in Ohio since the enactment of the present dower statute, §10502-1 GC.

It has been generally recognized at common law that since the statute De Donis Conditionalibus (13 Edw. 1., c. 1, 1285) there is dower in favor of the widow of a tenant in tail, although for other purposes the estate tail comes to an end on the husband's death. Park, **dower**, 158; 4 Kent, **Conn.**, 49. And prior to the enactment of our present dower statute, it was so held in Ohio both in estates tail created by will, **Harkness v Corning, 24 Oh St 416,** and by deed, **Broadstone v Brown, 24 Oh St 430.**

For several years prior to 1935, there was considerable feeling in Ohio that a surviving spouse should be entitled to more of the husband's or wife's property than a mere one-third interest for life as allowed by former Code Section 8606. As a result there was some agitation for the abolition of dower and the granting in lieu thereof to the surviving spouse an absolute interest in the husband's or wife's property. Naturally, the complete abolition of such a long-standing institution met with strong opposition. The result was the compromise incorporated in §10502-1 GC, which provides in part as follows:

"A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one third of all the real property of which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except * * *

"In lieu of such dower interest as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution * * *."

An estate in fee tail has been defined as "an estate of inheritance which, if left to itself, will, after the death of the first owner, pass to his lawful issue, including children, grandchildren, and more remote descendants, so long as his posterity endures, in the regular order of descent from such owner, and will terminate on the failure of such posterity." Richman v Hoppin, 45 F. (2d) 737; Hickox v Klaholt, 291 Ill. 544, 126 N. E. 166.

Another definition is:

"A freehold estate in which there is a fixed line of inheritable succession limited to the issue of the body of the grantee or devisee, and in which the regular and general succession of heirs at law is cut off." Gardner v Anderson, 114 Kan. 778, 227 Pac. 743.

By either definition, an estate in fee fail is an estate of inheritance and is, therefore, under our statute, subject to dower during the life of the first donee in tail. And if such donee dies survived by a widow and heirs of his body, and has not so aliened or encumbered his estate as to bring the case within the exceptions to the barring of dower as set out in

the statute, then by the words of the statute, the right to dower terminates upon his death.

In lieu of dower, our statute provides that the surviving spouse shall be entitled to a distributive share under the statute of descent and distribution. But what, in this situation, can a surviving spouse take under the statute of descent and distribution? It is well settled that in a fee tail estate, the issue of the tenant in tail take **forman doni,** from the person who first created the estate and not from their ancestor. **Pollock v Speidel, 17 Oh St 439;** Richardson v Cincinnati Union Stockyards Co., 8 N. P. 213. So in this case the heirs of the body of Harry L. Miller take the entire estate by reason of the direction of the deed of S. C. Miller creating the interest and not under the laws of descent and distribution.

From the provision giving her an absolute interest in the entire real and personal estate of her deceased husband, it must be assumed that the intention of the legislature was to increase greatly the widow's share in her husband's property. And it may be argued from this intention that the Court should not sanction an injustice merely to pay homage to the literal interpretation of the language of the statute. The donee in tail can not alienate the inheritance. Pollock v Speidel, supra. So it may be argued that the legislature intended to make dower inchoate only in regard to those estates in land where there was a possibility of alienation of the entire estate.

But to so hold would require the Court to ignore the clear language of the statute and invade the legislative field. It is the obligation of courts to construe the law and not to legislate. **Disher v Disher, 8 O. O. 203.**

"The Court should not put upon the provisions of a statute a construction not supported by the words, even though the consequences would be to defeat the object of the act." **Woodbury v Berry, 18 Oh St 456; Bruner v Briggs, 39 Oh St 478.**

It is the opinion of the Court that, regardless of the intent of the legislature to better her position, §10502-1 **GC** by its wording bars Beatrice Miller of any dower interest in the premises involved herein.

And the Court finds that the plaintiff and each of the defendants, except Beatrice Miller, are seized in fee simple of an undivided one-eleventh part of the real estate described in plaintiff's petition.

It is therefore ordered that a writ of partition issue setting forth the interests of the parties hereto as herein designated, and the matter of distribution and management of funds is retained for the further consideration of the Court.

BELL, J, sitting in Delaware County by designation of the Chief Justice.