JOHN PERREIRA and ETHEL HO PERREIRA *v.*
LOUIS PERREIRA, SR., LOUIS PERREIRA, JR.
and JAMES PERREIRA.

No. 4709.

NOVEMBER 22, 1968.

RICHARDSON, C.J., MARUMOTO, ABE AND
LEVINSON, JJ., CIRCUIT JUDGE KING
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY RICHARDSON, C.J.

In 1946, John Perreira, plaintiff herein,[1] orally agreed to give to Louis Perreira, Sr., a defendant, and Gilbert and Daniel Perreira,[2] predecessors in interest of the remaining defendants, a piece of land in Hilo upon which they could build a general grocery store. Donor imposed the conditions that donees should not sell the land except to relatives and except by his consent, and the further condition that John could use a portion of the future store for life without obligation or rent. The store opened in May, 1947; about the same time, John opened a pool hall busi-

---

[1]Ethel Perreira was dismissed as a plaintiff.

[2]Gilbert quitclaimed his one-third interest in 1955 to Walter Perreira, who then conveyed by warranty deed in 1965 to Louis Perreira, Jr., a defendant herein.

ness, using one-fourth of the store building without payment of rent.

On September 15, 1947, the original parties other than Louis Perreira, Sr., incorporated the terms of the agreement into two original memoranda. However, a later deed dated January 31, 1948, and recorded May 19, 1948, conveyed to the parties a larger portion of land for a consideration of "ONE Dollar ($1.00) in United States currency to me in hand paid, the receipt whereof is hereby acknowledged, and also for other sufficient and valuable consideration." The conditions were absent from the deed. Subsequently, the parties asked John to move out of the store so that they could use the space to expand the store. He agreed on condition he could return at a later time to open another business. In 1952, he returned to open a liquor store in a portion of an addition to the original building, which the defendants had built during the interim. He occupied, improved and operated the liquor store without incident until 1960 or 1961, when Louis, Sr., demanded of him rent of $35 per month; he refused to pay. When defendants formally demanded that John vacate the premises in 1965, he initiated this action to remove the cloud on his title by adverse possession, or alternatively, to reform the deed to establish his life interest.

The trial court ignored all transactions prior to the deed on the theory that the parol evidence rule prevents admission of extrinsic evidence to vary the terms of the deed. Considering events subsequent to the conveyance only, the court found that defendants-appellants owned a fee 58 x 76 feet, or 4408 square feet, subject to a life estate in plaintiff, acquired by adverse possession, or alternatively, by oral agreement which had become enforceable due to part performance.

We affirm the conclusion of the trial court on the basis of the latter theory.

We have stated that an oral contract with respect to an interest in land becomes enforceable, in spite of the Statute of Frauds, if there has been part performance. *Yee Hop* v. *Young Sak Cho,* 25 Haw. 494 (1920) (oral lease); *Lopez* v. *Soy Young,* 9 Haw. 117 (1893) (oral settlement of estate).

The acts constituting part performance must be pursuant to the contract, with the knowledge and consent of the other party, and must be such that to allow the other party to repudiate would be a fraud upon the plaintiff. *Rose* v. *Parker*, 4 Haw. 595, 599 (1833) , Corbin on *Contracts*, sec. 425.

Plaintiff here acted fully pursuant to an oral agreement, with knowledge and consent of defendants and their predecessors. The evidence sufficiently showed that at the time of the original conveyance, John Perreira was using and thereafter for a while continued to use, a portion of the premises rent-free; that plaintiff vacated the rent-free pool hall space only because of the promise that he could return whenever he wished to occupy space rent-free to operate a new business; that defendants immediately took possession of the vacated space; that plaintiff later took possession of the liquor store premises pursuant to the agreement creating a life estate in himself, and made such improvements as to constitute full performance.

Although appellants urge that the contract is unenforceable because it is deficient in its description of the life estate, we find, to the contrary, ample evidence to support a finding that it became definite in area in the course of continuous, unchanged possession in reliance upon the contract.

Because we find an enforceable agreement for a life estate by part performance in plaintiff, we do not reach the issue of hostile adverse possession raised by defendants-appellants.

We concur with the trial court's resolution of the ambiguity in the description of the boundaries of the grant.

Affirmed.

*L. N. Nevels, Jr. (Nevels and Chang* of counsel) for plaintiffs-appellees.

*C. Duane Carlsmith (Greenstein, Cowan & Carlsmith* of counsel) for defendants-appellants.