DICK McINTOSH AND MARTHA McINTOSH *v.*
GEORGE MURPHY AND MURPHY MOTORS,
LIMITED, A HAWAII CORPORATION.

No. 4828.

MAY 11, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This case involves an oral employment contract which
allegedly violates the provision of the Statute of Frauds
requiring "any agreement that is not to be performed
within one year from the making thereof" to be in writing
in order to be enforceable. HRS § 656-1 (5). In this ac-
tion the plaintiff-employee Dick McIntosh seeks to recover
damages from his employer, George Murphy and Murphy
Motors, Ltd., for the breach of an alleged one-year oral
employment contract.

While the facts are in sharp conflict, it appears that
defendant George Murphy was in southern California dur-
ing March, 1964 interviewing prospective management
personnel for his Chevrolet-Oldsmobile dealerships in Ha-
waii. He interviewed the plaintiff twice during that time.

30

The position of sales manager for one of the dealerships was fully discussed but no contract was entered into. In April, 1964 the plaintiff received a call from the general manager of Murphy Motors informing him of possible employment within thirty days if he was still available. The plaintiff indicated his continued interest and informed the manager that he would be available. Later in April, the plaintiff sent Murphy a telegram to the effect that he would arrive in Honolulu on Sunday, April 26, 1964. Murphy then telephoned McIntosh on Saturday, April 25, 1964 to notify him that the job of assistant sales manager was open and work would begin on the following Monday, April 27, 1964. At that time McIntosh expressed surprise at the change in job title from sales manager to assistant sales manager but reconfirmed the fact that he was arriving in Honolulu the next day, Sunday. McIntosh arrived on Sunday, April 26, 1964 and began work on the following day, Monday, April 27, 1964.

As a consequence of his decision to work for Murphy, McIntosh moved some of his belongings from the mainland to Hawaii, sold other possessions, leased an apartment in Honolulu and obviously forwent any other employment opportunities. In short, the plaintiff did all those things which were incidental to changing one's residence permanently from Los Angeles to Honolulu, a distance of approximately 2200 miles. McIntosh continued working for Murphy until July 16, 1964, approximately two and one-half months, at which time he was discharged on the grounds that he was unable to close deals with prospective customers and could not train the salesmen.

At the conclusion of the trial, the defense moved for a directed verdict arguing that the oral employment agreement was in violation of the Statute of Frauds, there being no written memorandum or note thereof. The trial court ruled that as a matter of law the contract did not come

within the Statute, reasoning that Murphy bargained for acceptance by the actual commencement of performance by McIntosh, so that McIntosh was not bound by a contract until he came to work on Monday, April 27, 1964. Therefore, assuming that the contract was for a year's employment, it was performable within a year exactly to the day and no writing was required for it to be enforceable. Alternatively, the court ruled that if the agreement was made final by the telephone call between the parties on Saturday, April 25, 1964, then that part of the weekend which remained would not be counted in calculating the year, thus taking the contract out of the Statute of Frauds. With commendable candor the trial judge gave as the motivating force for the decision his desire to avoid a mechanical and unjust application of the Statute.[1]

The case went to the jury on the following questions: (1) whether the contract was for a year's duration or was performable on a trial basis, thus making it terminable at the will of either party; (2) whether the plaintiff was discharged for just cause; and (3) if he was not discharged for just cause, what damages were due the plaintiff. The jury returned a verdict for the plaintiff in the sum of $12,103.40. The defendants appeal to this court on four principal grounds, three of which we find to be without merit. The remaining ground of appeal is whether the plaintiff can maintain an action on the alleged oral employment contract in light of the prohibition of the Statute of Frauds making unenforceable an oral contract that is not to be performed within one year.

---

[1] THE COURT: You make the law look ridiculous, because one day is Sunday and the man does not work on Sunday; the other day is Saturday; he is up in Fresno. He can't work down there. And he is down here Sunday night and shows up for work on Monday. To me that is a contract within a year. I don't want to make the law look ridiculous, Mr. Clause, because it is one day later, one day too much, and that one day is a Sunday, and a non-working day.

## I. TIME OF ACCEPTANCE OF THE EMPLOYMENT AGREEMENT

The defendants contend that the trial court erred in refusing to give an instruction to the jury that if the employment agreement was made more than one day before the plaintiff began performance, there could be no recovery by the plaintiff. The reason given was that a contract not to be performed within one year from its making is unenforceable if not in writing.

The defendants are correct in their argument that the time of acceptance of an offer is a question of fact for the jury to decide. But the trial court alternatively decided that even if the offer was accepted on the Saturday prior to the commencement of performance, the intervening Sunday and part of Saturday would not be counted in computing the year for the purposes of the Statute of Frauds. The judge stated that Sunday was a non-working day and only a fraction of Saturday was left which he would not count. In any event, there is no need to discuss the relative merits of either ruling since we base our decision in this case on the doctrine of equitable estoppel which was properly briefed and argued by both parties before this court, although not presented to the trial court.

## II. ENFORCEMENT BY VIRTUE OF ACTION IN RELIANCE ON THE ORAL CONTRACT

In determining whether a rule of law can be fashioned and applied to a situation where an oral contract admittedly violates a strict interpretation of the Statute of Frauds, it is necessary to review the Statute itself together with its historical and modern functions. The Statute of Frauds, which requires that certain contracts be in writing in order to be legally enforceable, had its inception in the days of Charles II of England. Hawaii's

version of the Statute is found in HRS § 656-1 and is substantially the same as the original English Statute of Frauds.

The first English Statute was enacted almost 300 years ago to prevent "many fraudulent practices, which are commonly endeavored to be upheld by perjury and subornation of perjury". 29 Car. 2, c. 3 (1677). Certainly, there were compelling reasons in those days for such a law. At the time of enactment in England, the jury system was quite unreliable, rules of evidence were few, and the complaining party was disqualified as a witness so he could neither testify on direct-examination nor, more importantly, be cross-examined. Summers, *The Doctrine of Estoppel and the Statute of Frauds,* 79 U. Pa. L. Rev. 440, 441 (1931). The aforementioned structural and evidentiary limitations on our system of justice no longer exist.

Retention of the Statute today has nevertheless been justified on at least three grounds: (1) the Statute still serves an evidentiary function thereby lessening the danger of perjured testimony (the original rationale) ; (2) the requirement of a writing has a cautionary effect which causes reflection by the parties on the importance of the agreement; and (3) the writing is an easy way to distinguish enforceable contracts from those which are not, thus channelling certain transactions into written form.[2]

In spite of whatever utility the Statute of Frauds may still have, its applicability has been drastically limited by judicial construction over the years in order to mitigate the harshness of a mechanical application.[3] Furthermore,

---

[2] Fuller, *Consideration and Form,* 41 Colum. L. Rev. 799, 800-03 (1941) ; Note: *Statute of Frauds—The Doctrine of Equitable Estoppel and the Statute of Frauds,* 66 Mich. L. Rev. 170 (1967).

[3] Thus a promise to pay the debt of another has been construed to encompass only promises made to a creditor which do not benefit the promisor (Restatement of Contracts § 184 (1932) ; 3 Williston, Contracts § 452 (Jaeger ed. 1960) ; a promise in consideration of marriage has been interpreted to exclude mutual promises to marry (Restatement,

34

learned writers continue to disparage the Statute regarding it as "a statute for promoting fraud" and a "legal anachronism".[4]

Another method of judicial circumvention of the Statute of Frauds has grown out of the exercise of the equity powers of the courts. Such judicially imposed limitations or exceptions involved the traditional dispensing power of the equity courts to mitigate the "harsh" rule of law. When courts have enforced an oral contract in spite of the Statute, they have utilized the legal labels of "part performance" or "equitable estoppel" in granting relief. Both doctrines are said to be based on the concept of estoppel, which operates to avoid unconscionable injury. 3 Williston, Contracts § 533A at 791 (Jaeger ed. 1960), Summers, *supra* at 443-49; *Monarco* v. *LoGreco,* 35 Cal. 2d 621, 220 P.2d 737 (1950) (Traynor, J.).

Part performance has long been recognized in Hawaii as an equitable doctrine justifying the enforcement of an oral agreement for the conveyance of an interest in land where there has been substantial reliance by the party seeking to enforce the contract. *Perreira* v. *Perreira,* 50 Haw. 641, 447 P.2d 667 (1968) (agreement to grant life estate); *Vierra* v. *Shipman,* 26 Haw. 369 (1922) (agreement to devise land); *Yee Hop* v. *Young Sak Cho,* 25 Haw. 494 (1920) (oral lease of real property). Other courts have enforced oral contracts (including employment contracts) which failed to satisfy the section of the

*supra* § 192; 3 Williston, *supra* § 485) ; a promise not to be performed within one year means a promise not performable within one year (Restatement, *supra* § 198; 3 Williston, *supra* § 495) ; a promise not to be performed within one year may be removed from the Statute of Frauds if one party has fully performed (Restatement, *supra* § 198; 3 Williston, *supra* § 504) ; and the Statute will not be applied where all promises involved are fully performed (Restatement, *supra* § 219; 3 Williston, *supra* § 528).

4 Burdick, *A Statute for Promoting Fraud,* 16 Colum. L. Rev. 273 (1916) ; Willis, *The Statute of Frauds—A Legal Anachronism,* 3 Ind. L.J. 427, 528 (1928).

Statute making unenforceable an agreement not to be performed within a year of its making. This has occurred where the conduct of the parties gave rise to an estoppel to assert the Statute. *Oxley* v. *Ralston Purina Co.*, 349 F.2d 328 (6th cir. 1965) (equitable estoppel) ; *Alaska Airlines, Inc.* v. *Stephenson*, 217 F.2d 295 (9th cir. 1954) ("promissory estoppel") ; *Seymour* v. *Oelrichs*, 156 Cal. 782, 106 P. 88 (1909) (equitable estoppel).

It is appropriate for modern courts to cast aside the raiments of conceptualism which cloak the true policies underlying the reasoning behind the many decisions enforcing contracts that violate the Statute of Frauds. There is certainly no need to resort to legal rubrics or meticulous legal formulas when better explanations are available. The policy behind enforcing an oral agreement which violated the Statute of Frauds, as a policy of avoiding unconscionable injury, was well set out by the California Supreme Court. In *Monarco* v. *LoGreco*, 35 Cal. 2d 621, 623, 220 P.2d 737, 739 (1950), a case which involved an action to enforce an oral contract for the conveyance of land on the grounds of 20 years performance by the promisee, the court said:

> The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract . . . .

See also *Seymour* v. *Oelrichs*, 156 Cal. 782, 106 P. 88 (1909) (an employment contract enforced).

In seeking to frame a workable test which is flexible enough to cover diverse factual situations and also provide some reviewable standards, we find very persuasive section

217A of the Second Restatement of Contracts.[5] That section specifically covers those situations where there has been reliance on an oral contract which falls within the Statute of Frauds. Section 217A states:

(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant: (a) the availability and adequacy of other remedies, particularly cancellation and restitution; (b) the definite and substantial character of the action or forbearance in relation to the remedy sought; (c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence; (d) the reasonableness of the action or forbearance; (e) the extent to which the action or forbearance was forseeable by the promisor.

We think that the approach taken in the Restatement. is the proper method of giving the trial court the necessary latitude to relieve a party of the hardships of the Statute of Frauds. Other courts have used similar approaches in dealing with oral employment contracts upon which an employee had seriously relied. See *Alaska Airlines, Inc.* v. *Stephenson,* 217 F.2d 295 (9th cir. 1954); *Seymour* v. *Oelrichs,* 156 Cal. 782, 106 P. 88 (1909). This

---

[5] Restatement (Second) of Contracts § 217A (Supp. Tentative Draft No. 4, 1969).

is to be preferred over having the trial court bend over backwards to take the contract out of the Statute of Frauds. In the present case the trial court admitted just this inclination and forthrightly followed it.

There is no dispute that the action of the plaintiff in moving 2200 miles from Los Angeles to Hawaii was foreseeable by the defendant. In fact, it was required to perform his duties. Injustice can only be avoided by the enforcement of the contract and the granting of money damages. No other remedy is adequate. The plaintiff found himself residing in Hawaii without a job.

It is also clear that a contract of some kind did exist. The plaintiff performed the contract for two and one-half months receiving $3,484.60 for his services. The exact length of the contract, whether terminable at will as urged by the defendant, or for a year from the time when the plaintiff started working, was up to the jury to decide.

In sum, the trial court might have found that enforcement of the contract was warranted by virtue of the plaintiff's reliance on the defendant's promise. Naturally, each case turns on its own facts. Certainly there is considerable discretion for a court to implement the true policy behind the Statute of Frauds, which is to prevent fraud or any other type of unconscionable injury. We therefore affirm the judgment of the trial court on the ground that the plaintiff's reliance was such that injustice could only be avoided by enforcement of the contract.

Affirmed.

*L. Richard Fried, Jr.* and *Ted Gamble Clause* (*Pratt, Moore, Bortz & Case* of counsel) for defendants-appellants.

*Katsugo Miho* (*Fong, Miho, Choy & Robinson* of counsel) for plaintiffs-appellees.

38

The majority of the court has affirmed the judgment of the trial court; however, I respectfully dissent.

## I.

Whether alleged contract of employment came within the Statute of Frauds:

As acknowledged by this court, the trial judge erred when as a matter of law he ruled that the alleged employment contract did not come within the Statute of Frauds; however, I cannot agree that this error was not prejudicial as this court intimates.

On this issue, the date that the alleged contract was entered into was all important and the date of acceptance of an offer by the plaintiff was a question of fact for the jury to decide. In other words, it was for the jury to determine when the alleged one-year employment contract was entered into and if the jury had found that the plaintiff had accepted the offer[1] more than one day before plaintiff was to report to work, the contract would have come within the Statute of Frauds and would have been unenforceable. *Sinclair* v. *Sullivan Chevrolet Co.*, 31 Ill. 2d 507, 202 N.E.2d 516 (1964); *Chase* v. *Hinkley*, 126 Wis. 75, 105 N.W. 230 (1905).

## II.

This court holds that though the alleged one-year employment contract came within the Statute of Frauds, nevertheless the judgment of the trial court is affirmed "on the ground that the plaintiff's reliance was such that injustice could only be avoided by enforcement of the contract."

I believe this court is begging the issue by its holding because to reach that conclusion, this court is ruling that

---

[1] Plaintiff testified that he accepted the offer in California over the telephone.

the defendant agreed to hire the plaintiff under a one-year employment contract. The defendant has denied that the plaintiff was hired for a period of one year and has introduced into evidence testimony of witnesses that all hiring by the defendant in the past has been on a trial basis. The defendant also testified that he had hired the plaintiff on a trial basis.

Here on one hand the plaintiff claimed that he had a one-year employment contract; on the other hand, the defendant claimed that the plaintiff had not been hired for one year but on a trial basis for so long as his services were satisfactory. I believe the Statute of Frauds was enacted to avoid the consequences this court is forcing upon the defendant. In my opinion, the legislature enacted the Statute of Frauds to negate claims such as has been made by the plaintiff in this case. But this court holds that because the plaintiff in reliance of the one-year employment contract (alleged to have been entered into by the plaintiff, but denied by the defendant) has changed his position, "injustice could only be avoided by enforcement of the contract." Where is the sense of justice?

Now assuming that the defendant had agreed to hire the plaintiff under a one-year employment contract and the contract came within the Statute of Frauds, I cannot agree, as intimated by this court, that we should circumvent the Statute of Frauds by the exercise of the equity powers of courts. As to statutory law, the sole function of the judiciary is to interpret the statute and the judiciary should not usurp legislative power and enter into the legislative field. *A. C. Chock, Ltd.* v. *Kaneshiro,* 51 Haw. 87, 93, 451 P.2d 809 (1969); *Miller* v. *Miller,* 41 Ohio Op. 233, 83 N.E.2d 254 (Ct. C.P. 1948). Thus, if the Statute of Frauds is too harsh as intimated by this court, and it brings about undue hardship, it is for the legislature to amend or repeal the statute and not for this court to legislate.