87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald John HELOW, Sr., Plaintiff-Appellant,
v.
Donald John HELOW, Jr., Defendant-Appellee.
 No. 94-16693.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: GOODWIN, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Timeliness of Appeal
 
 2
 We have held that an order granting summary judgment isn't final and appealable under 28 U.S.C. § 1291 if the district court retains jurisdiction to conduct an accounting. Marathon Oil Co. v. United States, 807 F.2d 759, 764 (9th Cir.1986), cert. denied, 480 U.S. 940 (1987). The district court's April 4, 1994, order granting summary judgment provided that the properties would later be partitioned and declared that Jr. would be entitled to an accounting as part of the partition. CR 56, at 8. The April 4, 1994, order therefore wasn't final and appealable. See Hain Pure Food Co. v. Sona Food Products Co., 618 F.2d 521, 522 (9th Cir.1980) (per curiam). Sr.'s time to appeal didn't start to run until entry of the August 2, 1994, order, which actually ordered the accounting and provided that the commissioner's determination would be final and binding on both parties, CR 69. Measured from August 2, 1994, Sr.'s September 1, 1994, notice of appeal, CR 74, was timely.
 
 Statute of Frauds
 
 3
 The district court granted summary judgment to Jr. on the ground that part performance of the alleged oral contract could not remove it from the one-year or real-estate brokerage provisions of Hawaii's Statute of Frauds, Haw.Rev.Stat. § 656-1(5), (6). CR 56, at 7. The Hawaii Supreme Court has held, however, that an oral promise is enforceable, notwithstanding the Statute of Frauds, "where injustice can be avoided only by enforcement of the promise." Hamilton v. Funk, 666 P.2d 582, 583 (Haw.1983) (per curiam) (citing McIntosh v. Murphy, 469 P.2d 177 (Haw.1970)). Applying this principle in Hamilton, the court enforced a seller's oral promise to pay a real-estate broker a commission, notwithstanding the Statute's real-estate brokerage provision, Haw.Rev.Stat. § 656-1(6). Id. Applying the same principle in McIntosh v. Murphy, 469 P.2d 177 (Haw.1970), the court enforced an oral contract of employment for one year starting two days after the employee accepted the offer, notwithstanding the Statute's one-year provision, Haw.Rev.Stat. § 656-1(6). McIntosh, 469 P.2d at 180-82.
 
 
 4
 McIntosh and Hamilton are both consistent with the court's earlier decision in Perreira v. Perreira, 447 P.2d 667 (Haw.1968). See, e.g., McIntosh, 469 P.2d at 180 (discussing Perreira with approval). Perreira enforced an oral contract transferring a life estate in land, notwithstanding the Statute's land-sale provision, Haw.Rev.Stat. § 656-1(4). 447 P.2d at 668. The court explained that "to allow the [defendant] to repudiate would be a fraud upon the plaintiff," id., because the plaintiff, acting pursuant to the contract and with defendant's consent, had made improvements to the property, id. at 668-69. While Perreira enforced the oral promise under the "part performance" rubric, McIntosh made clear that "part performance" is only a "label" for the underlying "concept of estoppel, which operates to avoid unconscionable injury." McIntosh, 469 P.2d at 180 (citing 3 Williston, Contracts § 533A, at 791 (Jaeger ed. 1960)).
 
 
 5
 Here, Sr.'s affidavit alleges that the parties had an oral contract requiring Sr. to put up funds to buy Hawaiian real estate, and that Sr. did put up the funds with Jr.'s knowledge and consent. Affidavit of Donald John Helow, Sr., CR 52, pp 3, 9-10. The affidavit further alleges that Jr. was to receive a half-interest in the properties, subject to a life-interest in Sr., as consideration for Jr.'s finding, purchasing and managing the properties; Jr.'s "services in purchasing the properties were to include cosigning any mortgages when necessary to obtain financing for the property on the best possible terms." Id. at p 5. The affidavit alleges that Jr. received his half-interest in the properties, id. at pp 11, 24, but that he breached the contract by delegating his duties to a manager whom he paid out of proceeds from the properties, id. at pp 5-6, 18, 23, and by refusing in bad faith to allow Sr. to refinance the properties at more favorable rates, id. at pp 26-28, 34.
 
 
 6
 Assuming, as we must at summary judgment, that these allegations are true, it would be unjust to deny enforcement of the alleged contract on statute of frauds grounds. The properties were bought with Sr.'s money. He could have obtained the original financing without Jr. as a co-signer, had Sr. been the only one named as an owner in the deeds. Id. at p 31. Sr. gave Jr. a half-interest in reliance on promises Jr. hasn't substantially performed. Sr.'s claims may fail for any number of reasons, including that he can't prove the alleged contract exists, or that he can't show a breach entitling him to relief such as recision of the deeds or punitive damages. But if Sr. can otherwise establish his claims, the Statute of Frauds shouldn't operate to let Jr. keep his half-interest or escape liability under the contract for using his right as part owner to block the refinancing. The district court therefore erred in granting summary judgment to Jr. based on the Statute of Frauds.
 
 Alternative Grounds
 
 7
 Jr. argues he is entitled to summary judgment on either of two other grounds not considered by the district court: (1) that his duties under the alleged contract were delegable as a matter of law; or (2) that Sr.'s action is barred by laches because he knew seven years before filing suit that Jr. had delegated his duties. Appellee's Answering Br. at 18-20 & n. 8. While we may affirm the district court's grant of summary judgment on any ground fairly supported by the record, Sierra Club v. Babbitt, 65 F.3d 1502, 1507 (9th Cir.1995) (citations omitted), Jr. hasn't explained how either of his additional points, if established, would preclude relief based on Jr.'s alleged refusal to allow Sr. to refinance. On remand, Jr. is free to provide such an explanation and renew his motion for summary judgment on these or other grounds not yet considered by the district court.
 
 The Cross-Motion
 
 8
 Sr.'s cross-motion for summary judgment claimed that Jr. shouldn't be allowed to keep his half-interest in the properties because he received it in return for a promise to act as a real estate broker even though he isn't licensed to do so. It's illegal in Hawaii to act as a "real estate broker" without a license, Haw.Rev.Stat. § 467-7, but a "real estate broker" is someone who "buys ... or negotiates the purchase ... of real estate ... for others, as a whole or partial vocation," Haw.Rev.Stat. § 467-1. Viewing the record in the light most favorable to Jr., Sr. hasn't shown that Jr. promised to perform brokerage services "for others, as a whole or partial vocation," rather than only as his contribution to a family investment.
 
 
 9
 Sr. also cross-moved for summary judgment on the ground that Jr. breached the alleged contract as a matter of law by delegating his duties under it. This argument fails at summary judgment because the existence of the alleged contract is disputed.
 
 
 10
 REVERSED AND REMANDED for further proceedings consistent with this Memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3