ROBERT A. SHEPARD, JR., KIRK A. SHEPARD and RENEE SHEPARD, also known as RENEE PELLETIER SHEPARD, Individually and as Trustee of the Renee Shepard Qualified Personal Residential Trust dated October 12, 2000, Plaintiffs-Appellees,
v.
BRETT ANTHONY SHEPARD, Defendant-Appellant, and
JOHN AND JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE GOVERNMENTAL UNITS 1-20; AND DOE ENTITIES 1-20, Defendants-Appellees
No. 28842
Intermediate Court of Appeals of Hawaii
September 22, 2009.
On the briefs:
Matt A. Tsukazaki (Li & Tsukazaki), for Defendant-Appellant.
Eric S. Tsugawa, Tedson H. Koja, (Moseley Biehl Tsugawa Lau & Muzzi LLLC), for Plaintiffs-Appellees

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Brett Anthony Shepard (Brett) appeals from the Judgment filed on August 20, 2007, in the Circuit Court of the Second Circuit (circuit court).[1] The circuit court entered the Judgment in accordance with its Findings of Fact, Conclusions of Law, Decision and Order (FOF/COL/Order) filed on July 30, 2007. The circuit court entered judgment in favor of
(1) Plaintiffs-Appellees Robert A. Shepard, Jr. (Robert) and Kirk A. Shepard (Kirk) and against Brett on Count I (Breach of Contract) and Count VI (Equitable Lien/Constructive Trust) of the Third Amended Complaint, filed on March 22, 2007 (Third Amended Complaint);
(2) Plaintiff-Appellee Renee Shepard, aka Renee Pelletier Shepard, Individually and as Trustee of the Renee Shepard Qualified Personal Residential Trust dated October 12, 2000 (Renee is referred to individually and as Trustee as Renee, and her Trust is referred to as QPRT) and against Brett on Count VI (Equitable Lien/Constructive Trust) of the Third Amended Complaint; and
(3) Renee and QPRT and against Brett on Count V (Rescission for Failure of Consideration and/or Violation of Public Policy) of the Third Amended Complaint "as to the complete failure of consideration of any agreement to purchase the Whaler Apartment" (Whaler Apartment).
The circuit court dismissed all remaining claims in Counts II, III, IV and V of the Third Amended Complaint and ordered the following:
1. The agreement conveying title to the Whaler Apartment from [Renee] to [Brett] recorded on April 14, 2004, is void as made in breach of the 1999 Agreement;
2. [Brett] shall cause the $750,000 mortgage on the Whaler Apartment ("Whaler Mortgage") to be released within 120 days of the [FOF/COL/Order] filed on July 30, 2007;
3. As security for [Brett's] release of the Whaler Mortgage, [Robert, Kirk, and Renee] shall have an equitable lien on the Arizona property . . ., in the amount of $750,000, plus all interest and penalties owed on the Whaler Mortgage;
4. Within 120 days of the [FOF/COL/Order] filed on July 30, 2007, [Brett] shall execute a deed conveying title to the Whaler Apartment back to [Renee]. Title to the Whaler Apartment shall devolve to [Kirk, Robert, and Brett] in equal shares upon [Renee's] death, with any necessary adjustment to equalize shares in the event the Whaler Mortgage is not released and remains unpaid in whole or in part. To assure this result, [Renee] shall provide for the transfer of interest in her will and shall execute a contract with her sons wherein she shall agree not to change her will in that regard;
5. The lis pendens recorded by [Robert, Kirk, and Renee] in this action will remain in effect to secure performance of the [FOF/COL/Order];
6. [Renee] is not entitled to restitution for the rental proceeds [Brett] received from the time [Brett] received and recorded the April 2003 deed through April 2007. From and after May 2007, [Renee] shall have the right to all rental proceeds; and
7. [Brett] and [Renee] equally shall pay attorneys' fees and costs to [Kirk and Robert] in amounts to be determined by submission of counsel.
On appeal, Brett argues the following:
(1) Conclusion of Law (COL) 16 in the FOF/COL/Order is wrong because the circuit court erroneously found therein that Renee did not gift the Whaler Apartment to Brett, but basically orally agreed to sell it to him, without consideration.
(2) COLs 5 and 6 are wrong because the circuit court erroneously found therein that Brett, Renee, Robert, and Kirk (collectively, the Shepards) are bound to an "oral agreement to execute a will" providing that if Renee inherited the Whaler Apartment from her mother's estate, she would bequeath the Whaler Apartment to her three sons, sign a contract not to revoke the will, and sign a quitclaim deed as security for the will.
(3) COLs 7 and 9 are wrong because the circuit court erroneously found therein that Kirk and Robert reasonably relied on the "oral agreement to execute a will" and that their execution of consent documents constituted partial performance, even though Kirk stated in a letter to Attorney Harry Westover that the Whaler Apartment belonged to Renee; Kirk and Robert held no legal rights to the Whaler Apartment; none of the documents referenced any proposal concerning an "oral will"; and Kirk and Robert failed to take any reasonable steps to protect their alleged interests.
(4) COL 10 is wrong because the circuit court erroneously found therein that the duty of good faith and fair dealing turns an "oral agreement to execute a will" into an irrevocable "oral will," which prevents a person from subsequently changing her testamentary intent about what she wanted to do with her own property.
(5) The circuit court erred in unwinding all of Renee's prior transfers of the Whaler Apartment to accomplish what the court believed should be Renee's testamentary intent rather than her actual intent as evidenced by her actions and conduct and to grant specific performance of an "oral will," when there was no finding that Renee was mentally incompetent.
(6) The circuit court clearly erred in disregarding disinterested witnesses' testimony, which established that Renee, Kirk, and Robert (collectively, Appellees) were fabricating stories to support their lawsuit and which supported Brett's explanation of events.
(7) The circuit court abused its discretion in assessing attorney's fees and costs against Brett in direct contradiction of its FOF/COL/Order and Judgment.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Brett's points of error as follows:
(1) COL 16 is not wrong. There was substantial evidence that Renee did not have donative intent in transferring the Whaler Apartment to Brett and, hence, the Whaler Apartment was not a gift. See Almeida v. Almeida, 4 Haw. App. 513, 517-18, 669 P.2d 174, 178-79 (1983); Welton v. Gallagher, 2 Haw. App. 242, 247-48, 630 P.2d 1077, 1082-83 (1981). It makes no difference whether there were "terms of sale" in the transfer of the Whaler Apartment from Renee to Brett because the circuit court properly found that any sale of the Whaler Apartment from Renee to Brett was not binding because Brett did not provide consideration for it.
(2) COLs 5 and 6 are not wrong. We disagree with Brett's characterization of the agreement among the Shepards as an "agreement to execute" a "will" or "oral will." The 1999 Agreement was an oral contract to sign a deed. There was sufficient evidence in support of the circuit court's conclusion that the 1999 Agreement was an enforceable oral contract. See Douglass v. Pflueger Hawaii, Inc., 110 Hawai'i 520, 525, 135 P.3d 129, 134 (2006).
(3) COLs 7 and 9 are not wrong. Brett provides no authority in support of his assertion that Kirk and Robert could not have reasonably relied upon the 1999 Agreement, and we find none in this jurisdiction. The circuit court was not wrong in concluding that Kirk and Brett partially performed the 1999 Agreement. See McIntosh v. Murphy, 52 Haw. 29, 34, 469 P.2d 177, 180 (1970).
(4) COL 10 is not wrong because the 1999 Agreement contained an implied covenant of good faith and fair dealing. See Best Place, Inc. v. Penn Am. Ins. Co., 82 Haw. 120, 123-24, 920 P.2d 334, 337-38 (1996).
(5) The circuit court did not err in unwinding all of Renee's prior transfers of the Whaler Apartment. This court reviews the circuit court's exercise of its equitable powers under the abuse of discretion standard. Aickin v. Ocean View Invs. Co., 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997). The circuit court did not abuse its discretion in unwinding Renee's prior transfers of the Whaler Apartment because there was not an adequate remedy at law. Porter v. Hu, 116 Hawai'i 42, 55, 169 P.3d 994, 1007 (App. 2007).
(6) The circuit court did not clearly err in crediting the testimonies of some witnesses over others. "[I]t is axiomatic that reconciling conflicting testimony is beyond the scope of appellate review." Onaka v. Onaka, 112 Hawai'i 374, 384, 146 P.3d 89, 99 (2006).
(7) The circuit court did not abuse its discretion in ordering Brett to pay Appellees one-half of Appellees' attorney's fees and costs. As Appellees' Motion for Determination of Amount of Attorney's Fees and Costs (Attorney's Fees Motion) makes clear, the $100,000 in attorney's fees and costs that the circuit court ordered Brett to pay represented one-half of the total amount of attorney's fees and costs Appellees claimed they incurred. In Appellees' reply memorandum in support of the Attorney's Fees Motion, Appellees explained that Kirk and Robert were not filing a claim against Renee for reimbursement of attorney's fees and costs. The circuit court correctly ordered Brett to pay one-half of Appellees' attorney's fees and costs pursuant to HRS §§ 607-14 (Supp. 2008) and 607-9 (1993).
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on August 20, 2007 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Joel E. August presided.