HELEN WATERHOUSE SHANNON, Plaintiff-Appellant, *v.* JOHN T. WATERHOUSE, RICHARD S. WATERHOUSE and ALEXANDER C. WATERHOUSE, Co-Executors of the Estate of Martha A. Waterhouse, Defendants-Appellees

NO. 5610

APRIL 28, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* This is an action for breach of an alleged oral contract to will property to the plaintiff. The suit was brought against the executors of the estate of Martha A. Waterhouse, who died testate on March 25, 1970.

Trial was had before a jury. At the close of the plaintiff's case, the defendants moved for a directed verdict. The trial court granted the motion, and the plaintiff appeals. The trial court based its ruling on non-compliance with the statute of frauds. HRS § 656-1.

On a motion for a directed verdict, the evidence is to be viewed in the light most favorable to the party opposing the motion, and where from the evidence a jury could reasonably conclude that the plaintiff's claim is sustainable, the motion should be denied. *Stewart v. Budget Rent-A-Car,* 52 Haw. 71, 470 P.2d 240 (1970); *Royal State Nat'l. Ins. v. Labor Bd.,* 53 Haw. 32, 487 P.2d 278 (1971). Conversely, where the evidence is not sufficient to take the case to the jury, the trial court should grant the motion for a directed verdict.

A parol agreement to make a will comes within the statute of frauds. HRS § 656-1. The plaintiff-appellant, however, asserts performance on her part as a basis for relief from the operation of the statute. Performance or part performance of a contract required to be in writing will take the matter out of the statute of frauds, where the party seeking to enforce it has acted to his detriment in substantial reliance upon the oral

agreement. *McIntosh v. Murphy,* 52 Haw. 29, 469 P.2d 177 (1970). The plaintiff-appellant's position essentially is that in consideration for the decedent's promise to will her part of her estate, she agreed to refrain, and did refrain, from taking certain steps consistent with her claim to being the lawful widow of the decedent's son, Montague Waterhouse.

The plaintiff-appellant was married to Montague Waterhouse, a son of the decedent on October 29, 1943. He was killed in an airplane crash on January 8, 1944. The record shows that at the time of her marriage to Montague, he might not have been lawfully divorced from a previous wife. The appearance of the latter as a widow-claimant to Montague's estate, the probate records of his estate, and the plaintiff-appellant's conduct in connection therewith appear to support the conclusion that at the time of his marriage to the plaintiff-appellant, Montague had a legal wife then living. The plaintiff-appellant, however, maintains that she has never conceded that she was not the lawful widow of Montague Waterhouse.

The oral agreement upon which the plaintiff-appellant relies was allegedly entered into in April, 1946. She claims the decedent orally reaffirmed it sometime in 1963. The decedent died in 1970. In the interim, the plaintiff had remarried, to one Shannon in 1952. She was divorced from him in 1959.

Forbearance to exercise a right is good consideration for a promise. *Loo Ngawk v. Cartwright,* 7 Haw. 401 (1888); *Trousseau v. Cartwright,* 10 Haw. 138 (1895); *Metropolitan Cas. Ins. Co. v. Realty Development Co.,* 32 Haw. 667 (1933). *See also.* 1 Corbin on Contracts, § 140. In this jurisdiction it has been stated:

> "Forbearance to sue on a disputed claim, even though it is an invalid one, is a good consideration for a new promise or a compromise, where the party forbearing is acting in good faith. But if he knows the claim to be unfounded and gains an advantage by it through a compromise, his action is fraudulent, and no consideration arises." *United States*

*v. Aloiau and Kauhoe,* 2 U.S. Dist. Ct. 278 (Hawaii, 1905) (syllabus).

But the mere proof of forbearance is not evidence of part performance sufficient to remove a verbal agreement from the operation of the statute of frauds. *See Fairall v. Arnold,* 226 Iowa 977, 285 N.W. 664 (1939); *Levi v. Murrell,* 63 F.2d 670 (9th Cir. 1933), *cert. denied* 290 U.S. 638. Much more must be shown by the party relying upon it. And while we do not go so far as to say that the act of forbearing must be "unequivocally" or "exclusively" referable to the verbal contract, *see Fairall v. Arnold, supra,* we do hold that the forbearance on the part of the party seeking to enforce it must have been primarily and substantially motivated by, and in pursuance of the oral agreement. *Cf. McIntosh v. Murphy, supra; Perreira v. Perreira,* 50 Haw. 641, 447 P.2d 667 (1968).

Moreover, an oral contract to make a will must be established by clear and convincing evidence. And to remove it from the operation of the statute of frauds, its part performance must be established by a similar quantum and quality of evidence. 1 Bowe-Parker: Page on Wills, § 10.43.

Based on the foregoing considerations, we find from the record no reversible error. Assuming the existence of an oral contract to make a will, a serious question existed as to whether the alleged forbearance on the part of the plaintiff-appellant was directly referable to the agreement. We agree with the trial court that the plaintiff had not presented evidence from which the jury might reasonably have found, after measuring the evidence against the requisite standard of proof, that her forbearance was primarily and substantially motivated by, and in pursuance of the alleged oral agreement to make a will.

Affirmed.

*Gene Bridges* for plaintiff-appellant.

*William L. Fleming (Harvey E. Henderson, Jr.* with him on the brief) *(Cades, Schutte, Fleming and Wright)* for defendants-appellees.