**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000841
18-NOV-2020
07:44 AM
Dkt. 91 SO**

NO. CAAP-17-0000841

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JENNIFER WAKEFIELD, Plaintiff-Appellee, v.
BRIAN BARDELLINI and LAUREN AMPOLOS, Defendants-Appellants

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(WAILUKU DIVISION)
(DC CIVIL NO. 16-1-1540)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendants-Appellants Brian Bardellini (**Bardellini**) and

Lauren Ampolos (**Ampolos**) (collectively, **Appellants**)[1] appeal from

the October 20, 2017 Final Judgment (**Judgment**), as well as the

August 15, 2017 Decision and Order Granting in part Denying in

part Plaintiff's Request for Damages (**Decision and Order on**

**Damages**), in favor of Plaintiff-Appellee Jennifer Wakefield

---

[1]     Appellants are husband and wife.

(**Wakefield**), entered in the District Court of the Second Circuit, Wailuku Division (**District Court**).[2]

Appellants raise eight points of error on appeal, contending that the District Court erred in:  (1) failing to conclude that Ampolos was not a proper party in the case; (2) failing to find that a counterclaim was filed by Appellants on May 19, 2017; (3) failing to limit the award of attorney's fees to a statutory maximum of the amount recovered, not the amount claimed by Wakefield; (4) limiting the amount of witness testimony and limiting the amount of time afforded for Appellants' witnesses to testify; (5) ignoring the evidence showing that Wakefield unlawfully evicted Appellants; (6) excluding any introduction of evidence as it relates to fitness and habitability of the premises; (7) finding that Wakefield was entitled to her claim for new keys; and (8) excluding any introduction of evidence as it relates to the affirmative defense of retaliatory eviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' contentions as follows:

(1)  Appellants argue that Ampolos is "not a proper party" because, although the December 27, 2014 rental agreement between the parties (the **Lease**) identifies both Bardellini and

---

[2]        The Honorable Adrianne N. Heely presided.

Ampolos as tenants, in two places, the Lease was not signed by Ampolos. In their reply brief on appeal, Appellants frame this issue as an affirmative defense based on the Statute of Frauds. However, based on our review of the record on appeal, we conclude that the Appellants did not make any argument of this sort to the District Court until after the Judgment was entered on October 20, 2017, and even then, Appellants did not file a motion seeking relief from the District Court. Instead, on October 27, 2017, Appellants filed "Objections to Proposed Final Judgment Offered by Plaintiff Jennifer Wakefield," which stated (based on the absence of Ampolos's signature on the Lease) "this Court cannot enter final judgment against [Ampolos] whom never signed the rent agreement."

The Hawaiʻi Statute of Frauds, Hawaii Revised Statutes (**HRS**) § 656-1 (2016), provides, in relevant part:

> **§ 656-1. Certain contracts, when actionable.** No action shall be brought and maintained in any of the following cases:
> . . . .
> (4) Upon any contract for the sale of lands, tenements, or hereditaments, or of any interest in or concerning them;
> . . . .
> unless the promise, contract, or agreement, upon which the action is brought, or some memorandum or note thereof, is in writing, and is signed by the party to be charged therewith, or by some person thereunto by the party in writing lawfully authorized[.]

HRS § 656-1(4), concerning contracts for the sale of any interest in real property, generally applies to a lease of real property. See generally Henriques v. Kalokuokamaile, 23

Haw. 706, 709 (Haw. Terr. 1917); <u>Hawaiian Tr. Co., Ltd. v. Cowan</u>, 4 Haw. App. 166, 170 n.6, 663 P.2d 634, 637 n.6 (1983).

As Appellants note in their reply brief, the Statute of Frauds is an affirmative defense, and pursuant to the applicable rule, Ampolos's appearance on the return date and verbal general denial made it available to her. <u>See</u> Rule 8(c) of the District Court Rules of Civil Procedure (**DCRCP**).[3] Pursuant to DCRCP Rule 8(c), "[a] general denial by the defendant of the claim made against that defendant shall be deemed to **render available** to the defendant any other matter constituting an avoidance or affirmative defense[.]" (Emphasis added). However, Appellants cite no authority for the proposition that, because a defense is "available," the defendant is thereby relieved from presenting argument to the court that the plaintiff's claim should be rejected on that ground; and, we find none.

Here, there is evidence in the record, and it is undisputed on appeal, that Ampolos did not personally sign the Lease, although the terms of the Lease reference her as a tenant, as well as Bardellini. The District Court acknowledged this as a fact, when it found, in the Decision and Order on Damages, that Ampolos "is not a signatory on each of the pages of the Lease[.]" However, Hawaiʻi courts have recognized various exceptions to the

---

[3]     In contrast, Rule 8(c) of the Hawaiʻi Rules of Civil Procedure (**HRCP**), applicable in circuit court, requires a party to affirmatively set forth a defense based on the Statute of Frauds in the party's responsive pleading. <u>See</u>, <u>e.g.</u>, <u>Lee v. Kimura</u>, 2 Haw. App. 538, 545, 634 P.2d 1043, 1048 (1981).

strict application of the Statute of Frauds.  See, e.g., Nelson v. Boone, 78 Hawaiʻi 76, 82, 890 P.2d 313, 319 (1995) ("the Statute of Frauds should not be inequitably applied to prevent the enforcement of otherwise valid oral contracts or even written agreements signed by agents without the written authorization of their principals"); Credit Assocs. of Maui, Ltd. v. Carlbom, 98 Hawaiʻi 462, 469, 50 P.3d 431, 438 (App. 2002) (performance or part performance of a contract required to be in writing may take the matter out of the Statute of Frauds (citing Shannon v. Waterhouse, 58 Haw. 4, 5-6, 563 P.2d 391, 393 (1977)).  Ampolos makes no argument and cites no authority for the proposition that, based solely on the absence of the signature of a party on a written agreement, a trial court erred as a matter of law in failing to *sua sponte* conclude that the Statute of Frauds barred enforcement of the written agreement, in this case an agreement for the payment of Lease rents.  Ampolos failed to present argument to the District Court concerning a Statute of Frauds defense.  Accordingly, Wakefield did not argue an exception or otherwise counter this purported defense.  Therefore, we conclude that the District Court did not err when it did not conclude that Ampolos was not a proper party in this case.

(2)  Appellants contend that the District Court erred in failing to conclude that their "original" Answer and/or Counterclaim was effectively filed on May 19, 2017.  This argument is without merit.

Wakefield filed a complaint for summary possession and damages on August 18, 2016. Appellants appeared at the return hearing and entered a general denial. After summary judgment was granted to Wakefield on the issue of possession, a Writ of Possession and a Judgment of Possession were entered on October 20, 2016.[4] Without leave of court, on May 19, 2017, Appellants filed an "Answer and Counterclaim."[5]

The applicable rules of the DCRCP provide as follows:

> **Rule 7.    PLEADINGS ALLOWED; FORM OF MOTIONS.**
>      **(a) Pleadings.**   There shall be a complaint and an answer; there may be a counterclaim or cross-claim denominated as such; there may be a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and there shall be a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed, except by leave or order of court or as provided by statute or rule of court.

DCRCP Rule 7(a) (emphasis added).

> **Rule 8.    GENERAL RULES OF PLEADING.**
>      . . .
>      **(b) Defenses; form of denials**. . . .
>      In summary possession proceedings . . . a defendant may defend by filing an answer on the return day specified by Rule 12(a) or by making an appearance without written answer on the return day specified by Rule 12(a) which shall be deemed to constitute a general denial of the truth of the facts stated in the complaint.

DCRCP Rule 8(b) (emphasis added).

> **Rule 13.    COUNTERCLAIM AND CROSS-CLAIM.**
>      . . .
>      **(b) Counterclaims.**   A pleading shall state as a counterclaim any claim against an opposing party but the

---

[4]    Appellants filed a previous appeal from the Judgment of Possession and Writ of Possession in CAAP-16-0000821. On May 22, 2018, this court entered a Summary Disposition Order affirming the District Court's Judgment for Possession and Writ of Possession, and a Judgment on Appeal was entered on June 26, 2018.

[5]    At their signatures, Appellants backdated this document to August 29, 2016. On appeal, Appellants make no argument that the document was filed and/or served at any time prior to May 19, 2017.

> relief shall not exceed the jurisdictional limitations of the court.
>
> . . .
>
> **(f) Omitted counterclaim.** When a pleader fails to file a counterclaim <u>through oversight, inadvertence, or excusable neglect</u>, or <u>when justice requires</u>, the pleader <u>may by leave of court</u> file the counterclaim.

DCRCP Rule 13(b), (f) (emphasis added).

> **Rule 15. AMENDED AND SUPPLEMENTAL PLEADINGS.**
> **(a) Amendments.** A party may amend its pleading once as a matter of course at any time before a responsive pleading is served or oral answer made. If the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party <u>may</u> amend its pleading <u>only by leave of court</u> or <u>by written consent of the adverse party</u>; and <u>leave shall be freely given when justice so requires</u>.

DCRCP Rule 15(a) (emphasis added).

Here, Appellants appeared at the August 29, 2016 return hearing and orally entered a general denial, in accordance with DCRCP Rule 8(b); Rule 7(a). At that time, Appellants informed the District Court that they intended to file a counterclaim, and the court instructed them to "file it appropriately." The District Court primarily held a pretrial hearing at the first trial date of November 14, 2016,[6] and conducted trial on February 13, 2017, May 15, 2017, and June 19, 2017. Although Appellants were represented by counsel from at least early September of 2016, no counterclaim was filed, no motion for leave to file a counterclaim was filed pursuant to DCRCP Rule 13(f), and, after two of three trial days were completed, Appellants purportedly filed the May 19, 2017 "Answer and Counterclaim" "Pro Se," within

---

[6] This was initially set as a trial date, but trial was continued at Appellants' counsel's request and only pretrial matters were addressed.

7

just minutes of their attorney's filing of further trial subpoenas for the June 19, 2017 final trial date. Previously, at the May 15, 2017 trial date, the District Court specifically told Appellants that they had been given "every opportunity or hints" to file a counterclaim or a request for leave, as far back as September of the prior year, as well as in November, and they had not done so. Appellants nevertheless failed to seek leave of court before filing the "Answer and Counterclaim," in the middle of the trial on Wakefield's damages claim.

Thereafter, through counsel, Appellants submitted an Ex Parte Motion to Shorten Time for Hearing on Motion for Leave to File Supplemental Counterclaim and a Motion for Leave to File Supplemental Counterclaim, which attached, *inter alia*, the May 19, 2017 Answer and Counterclaim as an exhibit, as well as a proposed (unfiled) Counterclaim dated May 16, 2016 (sic). Appellants argued, *inter alia*, that they thought they had sufficiently "offered" their Counterclaim to the District Court at the August 2016 return hearing and that, pursuant to DCRCP Rule 15(d), they should be allowed to "supplement" their Counterclaim to assert damages claims against Wakefield. Both documents were stamped "DENIED" and filed on May 31, 2017.[7]

---

[7] We note that neither document is signed or initialed by the District Court, but the District Court's denial of Appellants' motion(s) is reflected in court minutes and was explained at the beginning of the continued trial on June 19, 2017, as well as stated in the District Court's Decision and Order on Damages as the court "not [being] in receipt of any [properly] filed counterclaim[.]" In the Decision and Order on Damages, the District Court nevertheless ruled that it found that Wakefield's actions were not a

(continued...)

At the beginning of the last day of trial, June 19, 2017, the District Court stated that the Motion for Leave to File Supplemental Counterclaim was denied because there were not good grounds to allow the filing of an omitted counterclaim pursuant to DCRCP Rule 13(f). Specifically, the court found and/or concluded that the failure to previously file a counterclaim was not due to "oversight, inadvertence or excusable neglect," and that justice did not require the court to allow the filing of a counterclaim at that point, because Appellants were told that they needed to properly file their counterclaim from as early as August 29, 2016, and were thereafter reminded, more than once, that no counterclaim had been filed. In addition, the justifiable reasons for the court's decision included the relevant circumstances surrounding the omission including significant prejudice to Wakefield, the length of the delay, and that the situation was in reasonable control of the party.

Based on the above, as well as the entire record in this case, we conclude that the District Court did not abuse its discretion when it concluded that Appellants had not properly filed a counterclaim. See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 104, 176 P.3d 91, 103 (2008) (discussing abuse of discretion standard of review for denial of leave to amend).

---

[7](...continued)
retaliatory eviction and that Appellants' claims stemming from alleged removal or exclusion from the premises without cause or a court order were denied.

(3)  Appellants contend that, pursuant to HRS § 607-14 (2016), the attorney's fees awarded to Wakefield were limited to a maximum of 25% of the amount of damages recovered for unpaid rent.[8]  The damages awarded to Wakefield for unpaid rent was $1,045.16; 25% of that amount was $261.04.  Appellants argue that Wakefield's attorney's fees should have been a maximum of $261.04.

In the Decision and Order on Damages, the District Court awarded Attorney's Fees to Wakefield in two parts:

> "Attorney's Fees per H.R.S. § 521-35 & section
> T.1. of Lease:  $261.04 (25% of unpaid rent)"

and

---

[8]      HRS § 607-14 provides, in relevant part:

> **§ 607-14  Attorneys' fees in actions in the nature of assumpsit, etc.**  In all the courts, <u>in all actions in the nature of assumpsit</u>[] <u>and</u> <u>in all actions on</u> a promissory note or <u>other contract in writing that provides for an attorney's fee</u>, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; <u>provided that this amount shall not exceed twenty-five per cent of the judgment</u>.
>      . . .
>      The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

(Emphasis added).

>           "Attorney's fees awarded per Oct. 11, 2016 Order
>           Granting Plaintiff's Non-Hearing Motion for fees:
>           $11,335.60"

(Format altered).

The October 11, 2016 Order (referenced in the Decision and Order on Damages) arose out of counsel's representation of Wakefield in the first part of this litigation, which sought possession of the leased premises.  The October 11, 2016 Order found that attorney's fees and costs in the total amount of $11,335.60 were reasonable and necessary to represent Wakefield in this case.  The October 11, 2016 Order did not designate or otherwise state that all or any specific amount of the attorney's fees awarded therein were awarded specifically for obtaining a writ of possession.  Nor is that issue clarified in the Decision and Order on Damages.

In Forbes v. Haw. Culinary Corp., 85 Hawaiʻi 501, 510, 946 P.2d 609, 618 (App. 1997), this court held that a complaint for summary possession and for money damages for rents due under a lease are two separate causes of action, and recovery of the leased premises by a writ of possession and recovery of contract damages for rents are two distinct remedies.  Thus, the landlord was entitled to attorneys' fees incurred in her efforts to obtain a writ of possession, in addition to any attorneys' fees awardable pursuant to HRS § 607-14 in connection with the damages arising out of rents due under the lease.  Id. (citations omitted).  This court concluded that "a landlord may, incident to

11

a summary possession action, seek attorneys' fees attributable to the summary possession action which are in addition to any fees recovered under HRS § 607-14." Id. at 511, 946 P.2d at 619.  The court further held, however, that an award of attorneys' fees on this dual basis should not result in a double recovery of fees and the trial court must designate the specific amount awarded pursuant to each of the distinct remedies.  Id.

Here, although the October 11, 2016 Order clearly stemmed from the summary possession cause of action, neither the motion for attorney's fees granted in that Order or the Order itself designate or otherwise state that all or any specific amount of the attorney's fees awarded therein were awarded for obtaining a writ of possession.  Nor does the Order state any authority supporting the award in this case of attorneys' fees attributable to the summary possession action, separate from any fees recoverable under HRS § 607-14 (and subject to the statutory cap).[9]  Accordingly, we conclude that the District Court's award of $11,335.60 in attorney's fees and costs must be vacated and remanded to the District Court for (1) specification of the authority supporting an award in this case of attorneys' fees attributable to the summary possession action, separate from any fees recoverable for the collection on unpaid rent under HRS § 607-14, and (2) designation of the specific amounts awarded with

_____

[9]     We note that the statute relied on in Forbes, HRS § 666-14, does not appear to apply in this case.

respect to each ground, to guard against (a) possible duplicative awards or (b) an excess award of attorney's fees for services related to the recovery of damages pursuant to HRS § 607-14, if no authority exists supporting a separate award in this case of attorneys' fees attributable to the summary possession action.

(4)  Appellants contend that the District Court erred in limiting witness testimony and the amount of time afforded for their witnesses to testify.

The supreme court has held:

> A trial court has discretion to set reasonable time limits for trial. <u>Doe v. Doe</u>, 98 Hawaiʻi 144, 155, 44 P.3d 1085, 1096 (2002); Hawaiʻi Rules of Evidence (**HRE**) Rule 611 (1993). Accordingly, limitations on the time set for trial are reviewed for abuse of discretion. A court abuses its discretion if it "clearly exceed[s] the bounds of reason or disregard[s] rules or principles of law or practice to the substantial detriment of a party litigant." <u>Amfac, Inc. v. Waikiki Beachcomber Inv. Co.</u>, 74 Hawaiʻi 85, 114, 839 P.2d 10, 26 (1992).

<u>AC v. AC</u>, 134 Hawaiʻi 221, 229, 339 P.3d 719, 727 (2014); <u>see also</u> <u>State v. Jackson</u>, 81 Hawaiʻi 39, 47, 912 P.2d 71, 79 (1996) (holding that "the scope and extent of cross and recross-examination of a witness is within the sound discretion of the trial judge") (citation omitted).

Here, the record shows that the District Court limited Appellants' examination of some witnesses based on evidentiary rulings, in particular relevance rulings, when Appellants sought to introduce evidence unrelated to Wakefield's claims for damages.  The instances of this nature pointed to on appeal occurred at the May 15, 2017 trial session.  As of May 15, 2017,

Appellants had neither filed a counterclaim nor requested leave to file a counterclaim. Accordingly, we cannot conclude that the District Court abused its discretion in limiting Appellants' attempts to elicit testimony in support of affirmative claims against Wakefield.

Appellants also point to the District Court's attempt to establish time limits on witness examinations on June 19, 2017, which was the fourth and final trial date. The District Court limited the time for Appellants to present video exhibits and "discuss in full the narratives thereon," which were apparently related to the conditions of the premises. Appellants do not state whether or not these exhibits were offered or allowed into evidence. However, the record shows that the court only limited a complete playback during Bardellini's testimony, explaining that the court could review the evidence on its own and determine what weight, if any, to give it, in addition to allowing Bardellini to testify to certain time points in the videos for the court to review and weigh. In addition, Appellants point to the District Court's time limitations on their examination of Wakefield on June 19, 2017. However, the District Court's limitation of the time for that examination, late in the afternoon on the fourth and final day of trial, came after a prior day of trial where Wakefield had been the only witness on that entire day and was subject to a lengthy cross-examination by Appellants. Appellants vaguely reference that

they were unable to ask Wakefield about their video evidence, but do not otherwise explain what testimony they were attempting to elicit or how it was relevant to any claim or defense that was before the court.  We note that there had been substantial delays in completing the trial in this case and the District Court had clearly indicated in advance that June 19, 2017, would be the final day of trial.

Upon review of the entire record, we cannot conclude that the District Court abused its discretion in limiting the time and scope of the testimony presented at trial.

(5) & (6) Appellants contend that the District Court ignored evidence showing that Wakefield unlawfully evicted them without first obtaining a writ of possession in violation of HRS § 521-63 (2018) and changed the locks without notice, prior to evicting them.  It appears that this argument is related to affirmative claims against Wakefield.  As discussed above, we have concluded that the District Court did not err in determining, in the first instance, that there was no counterclaim filed, and, further, that the District Court did not abuse its discretion in denying Appellants' request for leave to file a "supplemental" counterclaim.  In addition, Appellants failed to identify any specific testimony or other evidence that the District Court allegedly ignored.  Accordingly, we conclude that this argument is waived and/or without merit.

Appellants similarly contend that the District Court erred in excluding evidence concerning the fitness and habitability of the leased premises. Again, we have concluded that the District Court did not err in determining, in the first instance, that there was no counterclaim filed, and, further, that the District Court did not abuse its discretion in denying Appellants' request for leave to file a "supplemental" counterclaim. Appellants also failed to identify any specific testimony or other evidence that they attempted to introduce on this issue. Accordingly, we conclude that this argument is waived and/or without merit.

(7) Appellants contend that the District Court clearly erred in paragraph 32 of the Decision and Order on Damages by awarding Wakefield $221.44 in damages for new keys made for the leased premises based on Appellants' purported testimony that they were okay with certain damages being assessed against them. Appellants make no further argument in support of this point of error, but do cite to Bardellini's testimony where he clearly stated that he did not agree that Wakefield was entitled to damages for replacement keys because, in part, "[s]he locked us out of the property illegally without ever asking for the keys. . . . She just bought locks and locked us out." Wakefield makes no argument against this point of error and does not point to any testimony, other evidence, or stipulation that supports the District Court's finding that Appellants were okay with an award

of damages for keys. We conclude that the District Court clearly erred in this finding, which is the basis for its award of $221.44 in damages for new keys, and that the damages awarded in favor of Wakefield and against Appellants must be reduced by this amount.

(8) Appellants' final point of error states that the District Court erred by excluding any introduction of evidence relating to the affirmative defense of retaliatory eviction. Appellants fail to point to where in the record this alleged error occurred and provide no argument in support of this contention. Moreover, Appellants' retaliatory eviction defense was thoroughly addressed in the summary possession part of this case, and the District Court's rejection of this defense was affirmed on appeal in CAAP-16-0000821. There is no cogent reason to support any modification of that prior ruling. Accordingly, we conclude that this point of error is without merit.

For these reasons, the District Court's October 20, 2017 Judgment and August 15, 2017 Decision and Order on Damages are affirmed in part and vacated in part. This case is remanded to the District Court for further proceedings on Wakefield's request for attorney's fees and to reduce the amount of damages

awarded to Wakefield by $221.44, in accordance with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, November 18, 2020.

On the briefs:

Keoni K. Agard,
(Agard Law LLC),
for Defendants-Appellants.

Jack R. Naiditch,
(Law Offices of Jack R.
 Naiditch, Inc.),
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge